PD-1473-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/1/2015 3:24:39 PM
Accepted 6/1/2015 3:30:37 PM
ABEL ACOSTA
CLERK

## NO. PD-1473-14

IN THE
COURT OF CRIMINAL APPEALS OF TEXAS
AUSTIN, TEXAS

| | | |
|---|---|---|
| WILLIAM BRYAN FINLEY, III | § | APPELLANT |
| vs. | § | |
| THE STATE OF TEXAS | § | APPELLEE |

FROM THE THIRD COURT OF APPEALS, AUSTIN, TEXAS
CASE NUMBER 03-13-00015-CR

ON APPEAL FROM THE COUNTY COURT AT LAW #2
WILLIAMSON COUNTY, TEXAS
CAUSE NUMBER 11-01764-2

### STATE'S BRIEF

THE HONORABLE DEE HOBBS
WILLIAMSON COUNTY ATTORNEY

RYAN PALMQUIST
Assistant County Attorney
Williamson County, Texas
State Bar No. 24073307
405 Martin Luther King, # 7
Georgetown, Texas 78626
PHONE: (512) 943-1111
FAX: (512) 943-1120

Attorney on Appeal for the State

i

# IDENTITY OF PARTIES AND COUNSEL

**Appellant**
William Bryan Finley
701 Shamrock Drive
Leander, Texas 78641

**Appellate Counsel for Appellant**
Christopher M. Perri
1504 West Avenue
Austin, Texas 78701

**Trial Counsel for Appellant**
Jack Webernick
120 West 8th Street
Georgetown, Texas 78626

**Trial Counsel for the State**
Trey Thompson
Assistant County Attorney
Williamson County Attorney's Office
405 Martin Luther King Street, #7
Georgetown, Texas 78626

**Appellate Counsel for the State**
Ryan Palmquist
Assistant County Attorney
Williamson County Attorney's Office
405 Martin Luther King Street, #7
Georgetown, Texas 78626

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL........................................................ii

TABLE OF CONTENTS ................................................................................iii

TABLE OF AUTHORITIES...........................................................................iv

STATEMENT OF THE CASE .........................................................................1

STATEMENT OF FACTS................................................................................1

SUMMARY OF THE ARGUMENT.................................................................1

APPELLANT USED FORCE AGAINST THE OFFICER...................................2

    I.      Standard of Review.............................................................................2

    II.     Statutory Language.............................................................................2

    III.   Forcefully Pulling Away is Sufficient for Resisting Arrest ...................2

    IV.   The Direction of the Force Utilized is Immaterial .................................3

    V.     Appellant's Actions Went Beyond Those Needed for Evading Arrest........6

    VI.   State's Response to Other Appellant Arguments ...................................9

    VII. Conclusion ........................................................................................11

PRAYER .....................................................................................................12

CERTIFICATE OF SERVICE........................................................................13

CERTIFICATE OF COMPLIANCE ................................................................13

# TABLE OF AUTHORITIES

**Cases**

*Alejos v. State*, 555 S.W.2d 444 (Tex. Crim. App. 1977) ........................................ 8

*Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010) ....................................... 2

*Bryant v. State*, 923 S.W.2d 199 (Tex. App. – Waco 1996, pet. ref'd) ................. 6, 7

*Dobbs v. State*, 434 S.W.3d 166 (Tex. Crim. App. 2014) ........................................ 5

*Finley v. State*, 449 S.W.3d 145 (Tex. App. – Austin 2014, pet. granted) ......... 4, 11

*Gaona v. State*, 733 S.W.3d 611 (Tex. App. – Corpus Christi 1987, not pet.) ........ 9

*Hopper v. State* 86 S.W.3d 676 (Tex. App. – El Paso 2002, no pet.) ...................... 5

*Jackson v. Virginia*, 433 U.S. 307 (1979) .............................................................. 2

*Leos v. State*, 880 S.W.2d 180 (Tex. App. – Corpus Christi 1994, no pet.) ............. 4

*Luxton v. State,* 941 S.W.2d. 339 (Tex. App.- Fort Worth, no pet) ........................ 3

*Pumphrey v. State*, 245 S.W.3d 85 (Tex. App. – Texarkana 2008, pet ref'd) ...... 3, 4

*Raymond v. State*, 640 S.W.2d 678 (Tex. App.-El Paso 1982, pet. ref'd) ................ 4

*Todd v. State*, No. 13-12-00184-CR, 2012 Tex. App. LEXIS 8930 (Tex. App. – Corpus Christi October 25, 2012, no pet.)(not designed for publication) ............. 9

*Torres v. State,* 103 S.W.2d 623, 627 (Tex. App. – San Antonio 2003, no pet.) ..... 7

*Washington v. State*, 525 S.W.2d 189, 190 (Tex. Crim. App. 1975) ....................... 6

**Statutes**

TEX. PEN. CODE §38.03 ............................................................... 2, 9, 11

TEX. PEN. CODE §38.04 ...................................................................... 8

**Other Authorities**

http://www.physicsclassroom.com/class/newtlaws/Lesson-2/The-Meaning-of-
  Force ............................................................................................. 10

MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 1060 (11th ed. 2006)... 4

**Rules**

TEX. R. APP. P. 38.2 ............................................................................. 1

**Treatises**

Seth S. Searcy & James R. Patterson, Practice Commentary, TEX. PEN. CODE
  §38.03 ............................................................................................. 6

## STATEMENT OF THE CASE

Appellant's brief contains a satisfactory statement of the case. *See* TEX. R. APP. P. 38.2(a)(1)(B).

## STATEMENT OF FACTS

Relevant facts providing a background for the legal issues presented and supporting the State's arguments are included in the application sections herein. Otherwise and where these fact statements do not differ, the State adopts Appellant's facts as rendered in the "Statement of Facts" section of Appellant's Brief. *See* TEX. R. APP. P. 38.2(a)(1)(B).

## SUMMARY OF THE ARGUMENT

There was sufficient evidence for a reasonable finder of fact to conclude beyond a reasonable doubt that Appellant was guilty of Resisting Arrest. Appellant used force to pull away from the arresting officers' detaining grasp on multiple occasions. He did not use passive noncompliance, but rather active resistance. While he did not punch, kick, or otherwise harm the officers, such action is not necessary to sustain a conviction for Resisting Arrest. All that is required is force against the officers in opposition to their attempt to arrest. Appellant actively pulled from the officer's grip, jerked, twisted and squirmed while in their grasp. Appellant's actions impacted the officers and were in direct opposition of officers, thus Appellant was guilty of Resisting Arrest.

1

## APPELLANT USED FORCE AGAINST THE OFFICER

### I. *Standard of Review*

The standard of review in assessing the sufficiency of the evidence at trial was set out by the United States Supreme Court in *Jackson v. Virginia*, 433 U.S. 307 (1979) and followed by the Court of Criminal Appeals in *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). In *Jackson*, the United States Supreme Court held that in reviewing the sufficiency of the evidence supporting a conviction, the reviewing court must determine whether any rational trier of fact could have found the essential elements beyond a reasonable doubt, viewing the evidence in the light most favorable to the State. *Jackson*, 403 U.S. at 319.

### II. *Statutory Language*

A person commits the offense of Resisting Arrest if they "intentionally[prevent] or [obstruct] a person he knows is a peace officer…from effecting an arrest, search, or transportation of the actor by using force against the peace officer or another." TEX. PEN. CODE §38.03(a).

### III. *Forcefully Pulling Away from the Officer is Sufficient for Resisting Arrest*

Appellant exhibited force against the officer by forcefully pulling away from the officer's grasp multiple times. A proper conviction for Resisting Arrest arises when the defendant actively pulls against an officer's established grasp of defendant during an arrest attempt. *Pumphrey v. State*, 245 S.W.3d 85, 89 (Tex.

2

App. – Texarkana 2008, pet ref'd). In *Pumphrey*, while being placed under arrest, the defendant jerked and pulled her arm away from the arresting officer. *Id.* The defendant also turned in circles and twisted, while trying to prevent the officer from completing the arrest. *Id.* Furthermore, *Luxton v. State,* 941 S.W.2d. 339-340-41 (Tex. App.- Fort Worth, no pet) held that the evidence was sufficient to support a conviction for Resisting Arrest when defendant pulled his hands away, fought, and struggled with officers. The defendant in *Pumphrey* resisted arrest by "jerking against, turning in circles to resist, twisting and squirming to thwart, and struggling against." *See Pumphrey,* 245 S.W.3d at 89. Appellant in the case at hand committed the very same acts as the defendants in *Pumphrey* and *Luxton* by pulling away from Officer Connor when he tried to place Appellant under arrest. (RR2:30). Furthermore, Appellant tried to turn his body away from the officers and twisted and squirmed while he was on the ground. (RR2: 112, 139). Finally, Appellant struggled with officers. (RR2: 134). Appellant's actions of jerking, twisting, squirming, turning, and struggling against the officer constitute force against the arresting officer and thus are sufficient to support a conviction for Resisting Arrest.

## IV. The Direction of the Force Utilized is Immaterial

The statute only requires force against rather than force towards an officer. The *Pumphrey* court disagreed with employing a distinction between using force

3

toward an officer and force away from an officer. *Pumphrey,* 245 S.W.3d at 91. The court noted that doing so would result in a reviewing court engaging in a "metaphysical analysis" of what occurred between an officer and a defendant. *Id.* In examining the meaning of the word "resist," the court noted that its ordinary meaning does not require force directed toward anyone, rather the dictionary definition of "resist" was "to exert oneself so as to counteract or defeat." *Id.* (citing MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 1060 (11th ed. 2006)). In the case at hand, Officer Connor testified that Appellant tried to pull his arm away. (RR2: 118). Furthermore, Appellant pulled his arms forward and away from the officers multiple times (RR2: 119) and it took at least two officers to restrain him (RR2: 155). Although Appellant never swung his arms towards the officers, the statute does not require this. However, Appellant actively resisted the Officer's attempts at arresting him. In doing so, Appellant exerted himself to counteract or defeat the officers attempting to arrest him. Therefore, the Court should uphold the holding of the lower court.

Other cases like *Raymond v. State,* 640 S.W.2d 678, 679 (Tex. App.-El Paso 1982, pet. ref'd) and *Leos v. State,* 880 S.W.2d 180, 184 (Tex. App. – Corpus Christi 1994, no pet.) have focused on the direction by which the force was directed. The Third Court of Appeal's majority opinion in the case before this Court also discussed these cases. *Finley v. State,* 449 S.W.3d 145, n. 8 (Tex. App.

4

– Austin 2014, pet. granted). In that footnote, the Third Court notes that other courts have repeatedly criticized the *Raymond* and *Leos* opinions *Id.* In fact, the El Paso court, which decided *Raymond*, has expressly disavowed that case and using "toward" in connection with Section 38.03. *Hopper v. State* 86 S.W.3d 676, 679 (Tex. App. – El Paso 2002, no pet.). As such, the Court should not follow *Raymond, Leos,* or its progeny and should not engage in a directional analysis based on the criticisms and disavowing of those opinions.

Additionally, the case at hand is distinguishable from *Leos* because the defendant in that case kept his hands to his stomach and tried to crawl away. Here, Appellant was pulling away from officers, flailing around, trying to turn around on the Officers, and struggling with the Officers (RR2: 58, 63, 139, 155). Appellant did more than merely trying to flee, thus making this case distinguishable from *Leos*.

As discussed in the Third Court opinion in this case, this Court recently addressed Resisting Arrest in *Dobbs v. State*, 434 S.W.3d 166, 2014 Tex. Crim. App. LEXIS 908 (Tex. Crim. App. June 25, 2014). In that case, this Court noted using force against the peace officer as "meaning violence or physical aggression, or an immediate threat thereof, in the direction of and/or into contact with, or in opposition or hostility to, a peace officer or another." *Id.* at *10. Furthermore, this Court gave the example of forceful pulling away from the officer as an example of

5

force against. *Id.* at *13. Finally, as the Third Court notes, Appellants actions must be "in opposition to the officers." In the case at hand, there is ample evidence that Appellant was in opposition to the officers themselves by forcefully pulling away (RR2: 30, 58, 59, 72, 118, 119, 134, 136, 138). Furthermore, testimony shows that Appellant used physical aggression or immediate threat thereof, and that Appellant came into physical contact with officers on multiple occasions. As such, this Court should uphold the lower court's ruling.

## V. *Appellant's Actions Went Beyond Those Needed for Evading Arrest*

Appellant did more than merely trying to shake off the officer's grip. "The section applies only to resistance by the use of force. One who runs away or makes an effort to shake off the officer's detaining grip may be guilty of evading arrest under *Section 38.04*, but he is not responsible under this section." *Washington v. State*, 525 S.W.2d 189, 190 (Tex. Crim. App. 1975)(quoting Seth S. Searcy & James R. Patterson, Practice Commentary, TEX. PEN. CODE §38.03). The paragraph implies that one who runs away or makes an effort to shake off an officer's detaining grip *without the use of force* may be guilty of evading arrest. *Bryant v. State* 923 S.W.2d 199, 207 (Tex. App. – Waco 1996, pet. ref'd). In *Washington*, officers were unable to complete an arrest because the defendant began to walk away thereby dragging the officers. *Id.* The court found the evidence sufficient to support a conviction for Resisting Arrest. *Id.* Furthermore, using force

to shake off an officer's detaining grip by pulling away, may indicate guilt of Resisting Arrest. (*Torres v. State,* 103 S.W.2d 623, 627 (Tex. App. – San Antonio 2003, no pet.) Here, like in *Washington* and *Torres*, Appellant did more than just trying to shake off the officer's grip and used force against the Officer several times to break the Officer's grip. Appellant kept pulling his arms away (RR2: 119), flailed around (RR2: 63), kept clenching towards his abdomen (RR2: 118), and kept trying to turn back around on the officers (RR2: 122). Because Appellant's actions were more than just shaking off the detaining grip, this Court should affirm the holding of the lower court.

Appellant's actions impacted the arresting officer as Appellant's actions rose above mere passive noncompliance. The force used need not be specifically directed against the arresting officer, rather, the force must impact the officer *Bryant*, 923 S.W.2d at 208 and *Torres v. State*, 103 S.W.3d 623 (Tex. App. – San Antonio 2003, no pet.). The defendant in *Bryant* stiffened and jerked his arm away. *Id.* Furthermore, in *Bryant*, the defendant argued, like in the case at hand, that he was being evasive and merely jerked away. In the case before this Court, Appellant actively resisted the efforts of the officers to get him under control (RR2: 31, 56). Once on the ground, Appellant pinned his arms under his body and resisted all efforts to pull them behind his back. (RR2: 31, 59, 72). Officer Connor testified that Appellant clenched up while trying to pull away to the point where Deputy

Rollins had to step in and assist. (RR2: 118). While Officer Connor and Deputy Rollins each had a hold of Appellant's arms, he actively pulled against their grasp, pulling his arms toward his abdomen. (RR2: 118). Furthermore, Appellant twisted away as Officer Conner was trying to turn Appellant around. (RR2: 118). Additionally, Appellant twisted and squirmed while he was on the ground with the officers on top. (RR2: 112, 139). Appellant's actions were more than mere passive resistance and impacted the officers involved, as such the conviction should be affirmed.

Appellant argues that there is an element of danger posed to the officer in the Resisting Arrest statute. There is no such element. Appellant argues that such an element is implied by the fact that there is another statute for similar actions, namely TEX. PEN. CODE §38.04 Evading Arrest or Detention. Contrary to Appellant's argument, the difference is not the danger involved; it is the use of force. The evading statute does not require force and covers actions such as running away or dodging an officer's attempts at grabbing the defendant. These actions do not entail the use of force against the officer and do not impact the officer. Section 38.04 of the Penal Code generally covers all situations where there has been *non-forceful evasion* of arrest. *Alejos v. State*, 555 S.W.2d 444, 449 (Tex. Crim. App. 1977)(emphasis added). Even if this Court finds that danger is a necessary element to Resisting Arrest, the record indicates a presence of danger to

8

the officers. Officer Conner testified, "It started to make sense as to why he kept reaching into his abdomen. Because one of the knives was clipped on his pocket so I began to think he was trying to go for the knife." (RR2: 128). As such, the State contends that danger is not an element in Resisting Arrest, yet danger was present in the case at hand.

## VI. *State's Response to Other Appellant Arguments*

The trial prosecutor had Officer Fuller demonstrate exactly how Appellant used force against the officers in resisting the arrest (RR2: 72-73). There is little to no description in the record as to what Officer Fuller demonstrated. Such demonstrated actions may influence the fact finder and the Court should presume that the acts, though not described in the record, support the verdict. *Todd v. State*, No. 13-12-00184-CR, 2012 Tex. App. LEXIS 8930, at *10-11 (Tex. App. – Corpus Christi October 25, 2012, no pet.)(not designed for publication)(citing *Gaona v. State*, 733 S.W.3d 611, 613 n.1 (Tex. App. – Corpus Christi 1987, not pet.). As such, this Court should view the demonstrations as supporting the trial court's verdict.

The lawfulness of the underlying arrest is immaterial. TEX. PEN. CODE §38.03(b) states that it is no defense to prosecution under this section that this arrest or search was unlawful. Furthermore, an acquittal at the trial court level does not mean that the arrest was unlawful. Quite clearly, the burdens of proof are

9

different. There was sufficient probable cause to arrest Appellant, yet, according to the trial court, there was not enough proof to rise to the level of beyond a reasonable doubt. Thus, the State contends that the lawfulness of the arrest should not enter into this Court's analysis of the issues before it[1].

Appellant used force against the officer based on the plain meaning of the words. A force is a push or pull upon an object resulting from the object's interaction with another object.[2] Force is invoked during the interaction between Appellant's arms and the Officer's grasp. Pulling away is actually exerting force upon the Officer's fingers and hands while the Officer is trying to maintain a grasp on Appellant's arms. At the point where Appellant used his arms to break the Officer's grasp, Appellant used forced against the Officer himself.

Appellant urges this Court to adopt an "offensive" or "defensive" analysis. This would fall into the area of metaphysical analysis warned against by the *Pumphrey* court. Questions would arise as to when defensive force becomes offensive force, thus converting evading into resisting. Who is to say that hitting an officer is not a "defensive" move? On the contrary, use of force is what demarks Evading from Resisting. The Legislature could have included the words offensive force against in the statutory language, but they did not. Finally, the

---

[1] The State believes that the underlying arrest for Hindering Apprehension was lawful and that an acquittal does not automatically render the arrest unlawful.
[2] http://www.physicsclassroom.com/class/newtlaws/Lesson-2/The-Meaning-of-Force

offensive/defensive analysis only serves to cloud the issue and adds an unwritten element into the offense of Resisting Arrest.

## VII. *Conclusion*

Appellant is guilty of Resisting Arrest. There is no requirement that Appellant go on the offensive with his resistance. Considering all of the evidence in the light most favorable to the finding of guilt, a rational trier of fact could have found the essential elements of Resisting Arrest beyond a reasonable doubt. Included in this, the Court is to assume the trier of fact resolved conflicts in testimony, weighed the evidence, and drew reasonable inferences in a manner that supports the finding and the court is to defer to the trier of fact's determinations of the witnesses' credibility and the weight to be given to their testimony. Lawfulness of the arrest is not a defense to Resisting Arrest. The State also agrees with the Third Court majority opinion that Appellant resisted arrest in a forceful manner. The Third Court listed ten circumstances that demonstrated Appellant's use of force against the officers. *Finley* 449 S.W.3d at 151. The record reflects that Appellant's actions of actively resisting, jerking, pulling away, scuffling, and spinning around were against the officers themselves and were not passive resistance. While Appellant never hit or kicked the officers, such action is not necessary to be guilty of Resisting Arrest. All that TEX. PEN. CODE §38.03 requires is for the defendant to forcefully pull against the officer's detaining grasp.

11

Appellant was actively resisting arrest, not passively noncomplying or evading arrest. Therefore, this Court should affirm the underlying holding of the Third Court of Appeals.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the State prays this Honorable Court affirm the judgment of the Third Court of Appeals and overrule Appellant's point of error.

Respectfully submitted,

RYAN PALMQUIST
Assistant County Attorney
Williamson County, Texas
State Bar No. 24073307
405 Martin Luther King, # 7
Georgetown, Texas 78626
PHONE: (512) 943-1111
FAX: (512) 943-1120

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of State's Brief was electronically transmitted to Appellant's attorney of record, Christopher M. Perri, via the electronic filing manager, on this the 1st day of June, 2015

RYAN PALMQUIST

## CERTIFICATE OF COMPLIANCE

I certify that this Brief contains a word count of 3,324, and thus complies with the requisites of TEX. R. APP. P. 9.4(i)(2)(C).

RYAN PALMQUIST